[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Warrensville Hts. City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision,* Slip Opinion No. 2017-Ohio-8845.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8845

WARRENSVILLE HEIGHTS CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Warrensville Hts. City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision,* Slip Opinion No. 2017-Ohio-8845.]

*Taxation—Real property—Collateral estoppel—Arm's-length character of recent sale was fully litigated in previous case and may not be relitigated.*

(No. 2015-0633—Submitted September 26, 2017—Decided December 7, 2017.)

APPEAL from the Board of Tax Appeals, Nos. 2014-820, 2014-821, and 2014-822.

————————————

**Per Curiam.**

{¶ 1} In *Warrensville Hts. City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 145 Ohio St.3d 115, 2016-Ohio-78, 47 N.E.3d 144 ("*Warrensville Hts. City School Dist. I*"), we affirmed the decision of the Board of Tax Appeals ("BTA"), holding that the sale of Thistledown Racetrack and related assets for $43 million in July 2010 did not establish the true value of the real property for tax year

2010.  We concluded that the sale occurred at auction and was a forced sale under R.C. 5713.04.  *Id*. at ¶ 21-23.  We held that the BTA reasonably and lawfully valued the real property at $13,800,000—the 2010 appraised value submitted by the property owner, appellee Harrah's Ohio Acquisition Company, L.L.C.  *Id*. at ¶ 24-26.  This case involves the same parties, the same property, the same sale, and the same appraisal report, but it relates to tax year 2012.

**{¶ 2}** In this appeal, appellant, Warrensville Heights City School District Board of Education ("school board"), raises three propositions of law that largely depend on its argument that the July 2010 sale was a recent arm's-length transaction that determines the value of the real property.  Because we rejected that argument in *Warrensville Hts. City School Dist. I*, the school board's reliance on the sale price in this tax-year-2012 case is barred under the doctrine of collateral estoppel.  The remaining arguments fail because the school board has not shown that the BTA unreasonably or unlawfully adopted the appraiser's 2012 valuation.  Accordingly, we affirm the BTA's decision.

## Facts and Procedural History

**{¶ 3}** We described the property and sale in *Warrensville Hts. City School Dist. I*:

> The subject property * * * is Thistledown Racetrack, a thoroughbred-racing facility located in Cuyahoga County that is home to the Ohio Derby.  Thistledown includes 128 acres of land improved by a one-mile racetrack, an eight-story grandstand, and numerous barns and support structures.
>
> In 2009, * * * New Thistledown, L.L.C., owned Thistledown Racetrack, and its parent company, Magna Entertainment Corporation, petitioned for Chapter 11 bankruptcy relief and received authority to sell the racetrack at auction.

*Id.*, 145 Ohio St.3d 115, 2016-Ohio-78, 47 N.E.3d 144, at ¶ 5-6.

{¶ **4**} Magna Entertainment's first auction resulted in a sales agreement with Harrah's, but that sale never closed. *Id.* at ¶ 7.

> On May 25, 2010, Magna Entertainment held a second auction, and Harrah's again submitted the winning bid to purchase Thistledown. The contract stated that in exchange for $43,000,000, Harrah's would assume ownership of the real property as well as equipment, inventory, deposits, advertising and marketing materials, transferable permits, intellectual property rights, goodwill, and insurance proceeds, among other things. Magna Entertainment also agreed to "submit to the [racing commission] a preliminary request to transfer all Licenses and Racing Approvals." The sale was contingent on Harrah's ability to obtain Thistledown's racing license from the racing commission but [unlike the first contract] had no conditions related to [video lottery terminals]. The bankruptcy court approved the sale on June 17, 2010, and Harrah's filed the deed on July 28, 2010, after it received the racing license.

*Id.* at ¶ 8.

{¶ **5**} We concluded that the sale price did not establish the property's true value. *Id.* at ¶ 21, 24. Therefore, the BTA "properly considered appraisal evidence in valuing the property." *Id.* at ¶ 24. We held that the BTA reasonably and lawfully relied on the appraisal of David J. Sangree, who valued the property at $13,800,000 as of January 1, 2010. *Id.* at ¶ 25-26.

**{¶ 6}** In this tax-year-2012 case, appellee Cuyahoga County fiscal officer initially valued the subject property at $38,049,500. The school board filed a complaint with appellee Cuyahoga County Board of Revision ("BOR"), seeking to increase the property's valuation to $43,000,000 based on the July 2010 sale. Harrah's also filed a valuation complaint, seeking a reduction to $12,000,000. In response, the school board filed a countercomplaint seeking to retain the original valuation. At the BOR hearing, Harrah's again relied on Sangree's appraisal report, which valued the property at $16,300,000 as of January 1, 2012. The BOR accepted the appraisal and lowered the property's value to $16,300,000. The school board appealed to the BTA.

**{¶ 7}** The BTA affirmed the BOR's valuation, noting that it had "previously considered the subject sale and found that it was not an arm's-length transaction because it was conducted under the supervision of a court order and was therefore a 'forced' sale." 2015 Ohio Tax LEXIS 1747, *5-6 (Mar. 24, 2015). The BTA found that the school board had not overcome the presumption, arising under R.C. 5713.04, that the sale was not an arm's-length transaction. *Id*. at *6-7. It further found that "Sangree's value conclusion is reasonable, well-supported, competent, and probative evidence of value." *Id*. at *8. The school board appealed to this court.

## Analysis

### *First Proposition*

**{¶ 8}** In its first proposition of law, the school board argues that the July 2010 sale was a recent arm's-length transaction that determines the true value of the property for tax year 2012. Whether the sale was an arm's-length transaction is a question that was fully litigated in *Warrensville Hts. City School Dist. I. See* 145 Ohio St.3d 115, 2016-Ohio-78, 47 N.E.3d 144, at ¶ 21, 24. Harrah's does not expressly invoke the doctrine of collateral estoppel, but the parties completed briefing in this appeal before we decided *Warrensville Hts. City School Dist. I*. We

hold that collateral estoppel bars relitigation of the issue raised in the first proposition of law. *See MSI Regency, Ltd. v. Jackson*, 433 Fed.Appx. 420, 430 (6th Cir.2011), fn. 6 (concluding that collateral estoppel is properly raised sua sponte on appeal when the earlier judgment became final too late for the proponent of the doctrine to raise it); *accord HealthSouth Corp. v. Testa*, 132 Ohio St.3d 55, 2012-Ohio-1871, 969 N.E.2d 232, ¶ 31, fn. 2 (citing the "strong public policy" that justified raising the law-of-the-case doctrine sua sponte to bar assertion of a new issue during a second appeal).

**{¶ 9}** Collateral estoppel "precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action." *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 112, 254 N.E.2d 10 (1969). Although each tax year presents a different "ultimate issue of tax value," "the determination in an earlier year of a discrete factual/legal issue that is common to successive tax years may bar relitigation of that discrete issue in the later years." *Olmsted Falls Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 122 Ohio St.3d 134, 2009-Ohio-2461, 909 N.E.2d 597, ¶ 17, citing *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 10th Dist. Franklin No. 92AP-1715, 1993 WL 540285, *3 (Dec. 28, 1993). Collateral estoppel may apply in deciding whether a particular sale is arm's length in nature, because it is an issue that may be common in successive tax years. *See Columbus Bd. of Edn.*, 1993 WL 540285, at *3.

**{¶ 10}** Here, the school board argues that collateral estoppel does not apply because additional evidence was presented in the 2012 case. But collateral estoppel, which promotes the interests of finality and judicial economy, does not permit relitigation of the issue. *See Superior's Brand Meats, Inc. v. Lindley*, 62 Ohio St.2d 133, 135, 403 N.E.2d 996 (1980); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). We, therefore, reject the school board's first proposition of law.

*Second Proposition*

{¶ 11} In its second proposition, the school board argues that even if the sale was not an arm's-length transaction that establishes true value, it was a distressed sale that establishes a minimum value. The school board did not raise this argument in its merit brief in *Warrensville Hts. City School Dist. I*, but it did assert it in a motion for reconsideration, which we denied. 145 Ohio St.3d 1425, 2016-Ohio-1173, 47 N.E.3d 168.

{¶ 12} The school board fails to support this proposition with legal authority that accords evidentiary value to a sale that did not occur at arm's length. Moreover, the school board did not present evidence that would justify a value greater than the sale price. Thus, although the school board's second proposition is articulated differently, it is indistinguishable from its first: It still asks us to set value according to the sale price. Because it presents the same fundamental issue that is presented in the first proposition of law, we reject the second proposition of law.

*Third Proposition*

{¶ 13} In its third proposition, the school board argues that the BTA's decision was based on an improper allocation of the purchase price. Here, the school board contends that Harrah's failed to present evidence supporting an allocation of some of the purchase price to personal property. This proposition misunderstands the BTA's decision, which relies not on an allocation of the sale price but a rejection of its use in determining the value of the property.

{¶ 14} The BTA found that the July 2010 sale "was a forced sale and not indicative of the true value of the subject property." 2015 Ohio Tax LEXIS 1747, at *7. Because it found that the sale was not evidence of value, the BTA did not rely on an "improper allocation of the purchase price," as the school board contends. Indeed, the issue of allocation arises only when the sale price may otherwise be used; it is an issue that "stands between the stated sale price and its

6

character as reflecting the value of any one particular parcel." *FirstCal Indus. 2 Acquisitions, L.L.C. v. Franklin Cty. Bd. of Revision*, 125 Ohio St.3d 485, 2010-Ohio-1921, 929 N.E.2d 426, ¶ 16.

{¶ 15} After rejecting the sale as evidence of value, the BTA found that Harrah's appraisal was "reasonable, well-supported, competent, and probative evidence of value." 2015 Ohio Tax LEXIS 1747, at *8. The appraiser used two traditional approaches to valuation—the cost and sales-comparison approaches—to determine that the property's tax-year-2012 value was $16,300,000. In *Warrensville Hts. City School Dist. I*, we held that the BTA's reliance on the same appraisal report, which employed the same approaches and analysis for tax year 2010, was reasonable and lawful. 145 Ohio St.3d 115, 2016-Ohio-78, 47 N.E.3d 144, at ¶ 24-26. We reach the same conclusion in this appeal.

Decision affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

————————————

Kolick & Kondzer, Thomas A. Kondzer, and Joseph A. Volpe, for appellant.

Paul M. Jones Jr., for appellee Harrah's Ohio Acquisition Company, L.L.C.

————————————