[Cite as *State v. D.M.*, 2018-Ohio-3327.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellant,      :      Case No.   17CA3822

    vs.                              :

D.M.,                                      :      DECISION AND JUDGMENT ENTRY

    Defendant-Appellee.      :

_____

APPEARANCES:

Shane Tieman, Scioto County Prosecuting Attorney, and Jay Willis, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellant.

D.M., Portsmouth, Ohio, *pro se*.[1]

CRIMINAL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED:8-8-18
ABELE, J.

{¶1} This is an appeal from a Scioto County Common Pleas Court judgment that sealed the record of conviction of D.M., defendant below and appellee herein.   The State of Ohio, plaintiff below and appellant herein, assigns the following errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE STATE OF OHIO WAS DEPRIVED OF RIGHT TO NOTICE AND THE OPPORTUNITY TO BE HEARD REGARDING APPELLEE'S MOTION TO DISMISS COURT COSTS.   THEREFORE, THE TRIAL COURT'S DECISION

---

[1]  D.M. did not file an appellate brief.

SHOULD BE REVERSED AS VIOLATIVE OF THE STATE'S
RIGHT TO DUE PROCESS."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT LACKED AUTHORITY TO WAIVE THE
COURT COSTS AS APPELLEE/DEFENDANT'S REQUEST
WAS UNTIMELY MADE.   THEREFORE, THE TRIAL
COURT'S DECISION WAS IN ERROR."

THIRD ASSIGNMENT OF ERROR:

"BOTH THE VICTIMS AND THE STATE OF OHIO WERE
DENIED DUE PROCESS BY THE TRIAL COURT'S HEARING
ON APPELLEE'S APPLICATION TO SEAL RECORDS."

FOURTH ASSIGNMENT OF ERROR:

"APPELLEE'S APPLICATION TO SEAL RECORDS WAS
BARRED BY RES JUDICATA AND THE TRIAL COURT
ERRED BY GRANTING THE SAME."

FIFTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT'S DECISION GRANTING THE
APPLICATION TO SEAL AND EXPUNGE RECORDS WAS
AN ABUSE OF DISCRETION NOT SUPPORTED BY THE
FACTS."

{¶2} In 2007, appellee entered a guilty plea to a charge of aggravated theft.   The trial court ordered appellee to serve four years in prison and to pay court costs.   On February 17, 2016, appellee filed a *pro se* motion that requested the court to seal his record of conviction.   He asserted "that he is eligible for a sealing of records pursuant to R.C. 2953.32."   Appellant filed a written objection.   On April 8, 2016, the court summarily denied appellee's motion.

{¶3} On October 19, 2017, the trial court indicated that it had received a "letter" that requested the court to seal appellee's record of conviction. The court directed the Chief Probation Officer to investigate and set the matter for a hearing.

{¶4} On November 6, 2017, appellant filed an objection. Appellant first asserted that appellee did not properly serve and file his request to seal the record of his conviction. Appellant claimed that appellee's letter that requested the sealing of his conviction had not been filed with the court, and that appellant had not received a copy of the letter.

{¶5} Appellant also objected to the merits of appellee's request. Appellant contended that appellee has not paid restitution or court costs and that appellant "has a compelling interest in maintaining the record to ensure that [appellee] is not again put into such a position of trust."

{¶6} On November 7, 2017, appellee's letter that requested the sealing of his records was filed with the court. Appellee asserted that his "felony conviction has prevented [him] from many jobs" and that he "need[s] an opportunity to obtain a real job/career." Appellant filed a supplemental objection that asserted the doctrine of *res judicata* bars appellee's second application to seal.

{¶7} On November 9, 2017, the trial court held a hearing to consider appellee's motion. Appellee asserted that he had served his punishment and that the victims had been made whole. He stated that he has "done [his] best to be a good citizen." Appellee further alleged that his "health is ailing and [he] would just wish to be a free man again." When the prosecutor asked appellee whether anything had changed since he first requested the court to seal the record of his conviction, appellee responded, "My health." Also, on November 22, 2017 appellee filed a *pro se* letter that requested the court to "dismiss court costs and judgements [sic]."

{¶8} On November 29, 2017, the trial court granted appellee's motion to seal the record of his conviction.   The court found that appellee "is a first time offender, that no criminal proceedings are pending against [appellee], that [appellee] has been rehabilitated to the satisfaction of the Court and that the interest of [appellee] in having the records pertaining to his arrest sealed are not outweighed by any legitimate governmental need to maintain such records." The court also suspended appellee's court costs.   This appeal followed.

I

{¶9} We initially point out that appellee did not file an appellate brief in this matter. When an appellee fails to file an appellate brief, App.R. 18(C) authorizes us to accept an appellant's statement of facts and issues as correct, and then reverse a trial court's judgment as long as the appellant's brief "reasonably appears to sustain such action."   In other words, an appellate court may reverse a judgment based solely on consideration of an appellant's brief. *Harper v. Neal*, 4th Dist. Hocking No. 15CA25, 2016-Ohio-7179, 2016 WL 5874628, ¶ 14, citing *Fed. Ins. Co. v. Fredericks*, 2nd Dist. No. 26230, 2015–Ohio–694, 29 N.E.3d 313, 330–31, ¶79; *Sites v. Sites*, 4th Dist. Lawrence No. 09CA19, 2010–Ohio–2748, ¶ 13; *Sprouse v. Miller*, Lawrence App. No. 06CA37, 2007–Ohio–4397, fn. 1.   In the case sub judice, as we explain below, we believe that in this particular case appellant's brief reasonably appears to support a reversal of the trial court's judgment.

II

{¶10} Appellant's first and second assignments of error challenge the propriety of the trial court's judgment that granted appellee's motion to waive costs.   For ease of discussion, we first consider appellant's second assignment of error.

{¶11} In its second assignment of error, appellant argues that the trial court lacked jurisdiction to waive, suspend, or modify appellee's payment of court costs.   Appellant notes that R.C. 2947.23(C) allows a sentencing court to waive, suspend, or modify the payment of court costs "at the time of sentencing or at any time thereafter."   Appellant points out, however, that at the time of appellee's sentence, R.C. 2947.23(C) was not in effect and that the law required a criminal defendant to request the trial court to waive court costs at the time of sentencing. Appellant asserts that because R.C. 2947.23(C) was not in effect at the time of appellee's sentencing, appellee waived the issue and costs are res judicata.

{¶12} R.C. 2947.23(A)(1) governs the imposition of costs in criminal cases and provides in relevant part: "In all criminal cases * * * the judge * * * shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs."   A trial court must include in the sentence the costs of prosecution and render a judgment against the defendant for costs, even if the defendant is indigent.   *State v. White*, 103 Ohio St.3d 580, 2004–Ohio–5989, 817 N.E.2d 393, ¶ 8.

{¶13} Although trial courts must "assess costs against all convicted criminal defendants, [the Ohio Supreme Court] has held that 'waiver of costs is permitted—but not required—if the defendant is indigent.'"   *State v. Joseph*, 125 Ohio St.3d 76, 2010–Ohio–954, 926 N.E.2d 278, ¶ 11, quoting *White* at ¶ 14.   The trial court thus has discretion to waive court costs if the defendant is indigent.   *Id.* at ¶ 12; *see State v. Farnese*, 4th Dist. Washington No. 15CA11, 2015–Ohio–3533, ¶ 12.

{¶14} A "sentencing entry is a final appealable order as to costs."   *State v. Threatt*, 108 Ohio St.3d 277, 2006–Ohio–905, 843 N.E.2d 164, ¶ 24.   Thus, in 2007, at the time of appellee's

sentencing, Ohio law required a defendant to request a waiver of costs at the time of sentencing. *See id.*, paragraph two of the syllabus; *State v. Brown*, 8th Dist. Cuyahoga No. 103427, 2016–Ohio–1546, ¶ 14; *Farnese* at ¶ 15. A defendant who failed to request a waiver of costs at the time of sentencing forfeited the right to raise the issue on appeal. *Threatt* at ¶ 23. Additionally, the doctrine of *res judicata* precluded a defendant from collaterally attacking the trial court's imposition of costs. *Id.*

{¶15} In March 2013, however, the General Assembly enacted R.C. 2947.23)C). This provision states that the trial "court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution at the time of sentencing or at any time thereafter." R.C. 2947.23(C); *accord Farnese* at ¶ 12, citing *State v. Hawkins*, 4th Dist. Gallia No. 13CA3, 2014–Ohio–1224, ¶ 18; *State v. Walker*, 8th Dist. Cuyahoga No. 101213, 2014–Ohio–4841, ¶ 9. Consequently, with the enactment of R.C. 2947.23(C), "a defendant is no longer required to move for a waiver of court costs at the sentencing hearing or waive it." *Farnese* at ¶ 15.

{¶16} The critical question in the case at bar is whether R.C. 2947.23(C), enacted approximately six years after appellee's sentence, vested the trial court with jurisdiction to consider appellee's motion to waive costs. Ohio appellate courts have reached conflicting decisions regarding the applicability of R.C. 2947.23(C) to a defendant whose sentence became final before the effective date of the statute. *State v. Braden*, 10th Dist. Franklin No. 17AP-48, 2017-Ohio-7903, 2017 WL 4317413, ¶ 8; *State v. Powell*, 2d Dist. Montgomery No. 24433, 2014–Ohio–3842, *State v. Chase*, 2d Dist. Montgomery No. 26238, 2015–Ohio–545; *State v. Price*, 8th Dist. Cuyahoga No. 102987, 2015–Ohio–4592; *State v. Bacote*, 8th Dist. Cuyahoga No. 102991, 2015–Ohio–5268. Additionally, the issue currently is pending before the Ohio

Supreme Court.   *State v. Braden*, 151 Ohio St.3d 1523, 2018-Ohio-557, 91 N.E.3d 756

(certifying conflict on the following question of law:   "Does a trial court have jurisdiction,

pursuant to the current version of R.C. 2947.23(C), to waive, modify or suspend court costs for

those cases in which the defendant's conviction and sentence became final prior to the enactment

of R.C. 2947.23(C)?").

{¶17} This court previously determined that R.C. 2947.23(C) does not apply to a

defendant whose sentence became final before the effective date of the statute.   *State v. Sanders*,

4th Dist. Pickaway No. 16CA25, 2017-Ohio-8088, 2017 WL 4436420, ¶¶ 12-13, citing *State v.*

*Banks*, 10th Dist. Franklin No. 17AP–210, 2017–Ohio–7135, ¶ 10.   We adopted the reasoning of

the *Banks* court that when "'sentence was imposed and the judgment became final before the

effective date of [R.C. 2947.23(C)], the trial court cannot "retain jurisdiction" to waive, suspend,

or modify costs when it did not have the authority to do so at the time of sentencing.'"   *Id.* at ¶

12, quoting Banks at ¶ 10.

{¶18} Based upon *Sanders*, we agree with appellant that the trial court could not retain

jurisdiction to consider, at any time, appellee's motion to waive costs.[2]   Instead, when the trial

court sentenced appellee, the law required a defendant to request a waiver of costs at the time of

sentencing.   "Otherwise, the issue is waived and costs are *res judicata*."   *State v. Clinton*, ---

Ohio St.3d ---, 2017-Ohio-9423, --- N.E.3d. ---, ¶ 239, citing *Threatt*.   At the time of appellee's

sentencing, the General Assembly had not enacted a statute that vested trial courts with

jurisdiction to consider motions to waive costs "at any time."   Thus, when the court sentenced

---

[2]   Given the absence of an argument from appellee and appellant's decision not to develop the issue, we choose to follow principles of *stare decisis* rather than engaging in a comprehensive analysis of the import of R.C. 1.58 upon R.C. 2947.23(C).

appellee, it could not have retained jurisdiction that had yet to be granted.  *See State v. Campbell*, 4th Dist. Adams No. 16CA1029, 2017-Ohio-4252, 2017 WL 2555404, ¶ 8 (noting that trial court's jurisdiction defined by statute and that court ordinarily lacks jurisdiction to reconsider its own valid judgment of conviction).   Consequently, because appellee did not request a waiver of costs at the time of his 2007 sentencing, "the issue is waived and costs are *res judicata*."   *Clinton* at ¶ 239.

{¶19} Accordingly, based upon the foregoing reasons, we sustain appellant's second assignment of error and reverse the trial court's judgment that suspended the part of appellee's sentence that imposed costs.   Our disposition of appellant's second assignment of error renders its first assignment of error moot.   *See* App.R. 12(A)(1)(C).   We therefore do not address it.

III

{¶20} Appellant's third, fourth, and fifth assignments of error challenge the propriety of the trial court's judgment granting appellee's application to seal the record of his conviction. For ease of discussion, we first consider appellant's fourth assignment of error.

{¶21} In its fourth assignment of error, appellant contends that the doctrine of *res judicata* barred the trial court from granting appellee's application.   Appellant asserts that on February 17, 2016, appellee filed an application to seal and expunge[3] and that on April 8, 2016,

---

[3] "In 1979, R.C. 2953.32 was amended, replacing the word 'expungement' with the word 'sealing.'"   *State v. D.H.*, 8th Dist. Cuyahoga No. 105995, 2018-Ohio-1199, 2018 WL 1569011, fn.1, citing Am.Sub.H.B. No. 105, 138 Ohio Laws, Part I, 1638, and *State v. Pariag*, 137 Ohio St.3d 81, 2013–Ohio–4010, 998 N.E.2d 401, ¶ 11 (explaining that "expungement" remains common colloquialism).

the trial court denied his application.   Appellant thus argues that the doctrine of *res judicata*

precludes appellee's second application.[4]

---

[4]  R.C. 2953.32 governs applications for the sealing of the record of a conviction.    The statute reads:

> (A)(1) Except as provided in section 2953.61 of the Revised Code, an eligible offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of the case that pertains to the conviction.    Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.
>
> * * * *
>
> (B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application.    The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing.    The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified.    The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant.    * * * *
>
> (C)(1) The court shall do each of the following:
>
> (a) Determine whether the applicant is an eligible offender * * *.    * * * *
>
> (b) Determine whether criminal proceedings are pending against the applicant;
>
> (c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;
>
> (d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
>
> (e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records.
>
> (2) If the court determines, after complying with division (C)(1) of this section, that the applicant is an eligible offender * * *, that no criminal proceeding is pending against the applicant, that the interests of the applicant in having the records pertaining to the applicant's conviction * * * sealed are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of an applicant who is an eligible offender applying pursuant to division (A)(1) of this section has been attained to the satisfaction of the court, the court, except as provided in division (C)(4), (G), (H), or (I) of this section, shall order all official records of the case that pertain to the conviction or bail forfeiture sealed * * *.    The proceedings in the case that pertain to the conviction * * * shall be considered not to have occurred and the conviction * * * of the person who is the subject of the proceedings shall be sealed, except that upon conviction of a subsequent offense, the sealed record of prior conviction * * * may be considered by the court in determining the sentence or other appropriate disposition, including the relief provided for in sections 2953.31 to 2953.33 of the Revised Code.

{¶22} In Ohio, "[t]he doctrine of *res judicata* encompasses the two related concepts of claim preclusion, also known as *res judicata* or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.,* 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6; *accord Baker by Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 232–34, 118 S.Ct. 657, 663–64, 139 L.Ed.2d 580 (1998), fn.5 (citations omitted) (explaining that the term, "*res judicata,*" traditionally describes both "claim preclusion (a valid final adjudication of a claim precludes a second action on that claim or any part of it); and (2) issue preclusion, long called 'collateral estoppel' (an issue of fact or law, actually litigated and resolved by a valid final judgment, binds the parties in a subsequent action, whether on the same or a different claim").

{¶23} With regard to claim preclusion, a final judgment or decree rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them. [*Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1989)], citing *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph one of the syllabus, and *Whitehead* [*v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 254 N.E.2d 10 (1969)], paragraph one of the syllabus. Moreover, an existing final judgment or decree between the parties is conclusive as to all claims that were or might have been litigated in a first lawsuit. *Id.* at 382, 653 N.E.2d 226, citing *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558

N.E.2d 1178 (1990). "'The doctrine of *res judicata* requires a plaintiff to present

every ground for relief in the first action, or be forever barred from asserting it.'"

*Id.* at 382, 653 N.E.2d 226, quoting *Natl. Amusements* at 62, 558 N.E.2d 1178.

*Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385, ¶7.

Issue preclusion, or collateral estoppel, "'precludes the relitigation, in a second action, of

an issue that has been actually and necessarily litigated and determined in a prior action.'"

*Warrensville Hts. City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 152 Ohio St.3d

277, 2017-Ohio-8845, 95 N.E.3d 359, ¶ 9, quoting *Whitehead*, 20 Ohio St.2d at 112; *accord*

*Lowe's Home Centers, Inc. v. Washington Cty. Bd. of Revision*, — Ohio St.3d —,

2018-Ohio-1974, — N.E.3d ---, ¶ 33; *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations*

*Bd.*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998).

> While the merger and bar aspects of *res judicata* have the effect of precluding the relitigation of the same cause of action, the collateral estoppel aspect precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action that was based on a different cause of action. "In short, under the rule of collateral estoppel, even where the cause of action is different in a subsequent suit, a judgment in a prior suit may nevertheless affect the outcome of the second suit." Id. at 112, 49 O.O.2d at 438, 254 N.E.2d at 13.

*Fort Frye*, 81 Ohio St.3d at 395 (citation omitted).

{¶24} Based upon the foregoing well-established principles, Ohio courts have held that

the doctrine of *res judicata* ordinarily prohibits successive applications to seal a conviction.

*State v. Bailey*, 2nd Dist. Montgomery No. 26464, 2015-Ohio-3791, 2015 WL 5517236, ¶¶

16-18; *State v. Singo,* 9th Dist. Summit No. 27094, 2014–Ohio–5335; *In re Application for*

*Sealing of Record of Brown*, 10th Dist. Franklin No. 07AP-715, 2008-Ohio-4105, 2008 WL

3522448, ¶ 10; *State v. Haney,* 10th Dist. Franklin No. 99AP–159, 1999 WL 1054840 (Nov. 23, 1999); *State v. Young,* 2d Dist. Montgomery No. 12847, 1992 WL 4465 (Jan. 14, 1992). A successive application may succeed, however, if the defendant establishes "a change in circumstances from the time of the filing of the previous application." *Brown* at ¶ 10. In the absence of a change in circumstances, "res judicata bars successive attempts to relitigate the same issues in subsequent expungement applications." *Id.*

{¶25} "[T]he broadening of the class of persons eligible for expungement 'constitutes a change in circumstances between the prior requests for expungement and the [successive] application so as to allow a court to consider a subsequent petition and *res judicata* would not bar its review.'" *State v. Matthews*, 6th Dist. Wood No. WD-14-059, 2015-Ohio-3517, 2015 WL 5086408, ¶ 13, quoting *State v. Grillo*, 2015–Ohio–308, 27 N.E.3d 951, ¶ 20 (5th Dist.); *see also State v. Rojas*, 180 Ohio App.3d 52, 2008–Ohio–6339, 904 N.E.2d 541, ¶ 12 (2d Dist.) ("*Res judicata* does not bar an R.C. 2953.32 application where there is a showing of changed or new circumstances."). The mere passage of time, however, does not constitute a change in circumstances. *Haney* at *4. *But see State v. Schwartz*, 1st Dist. Hamilton No. C-040390, 2005-Ohio-3171, 2005 WL 1490100, ¶ 10 (determining that passage of time between defendant's offense and second application to seal, along with defendant's continued difficulty finding employment, constituted change in circumstances).

{¶1} In *Young,* for example, the court concluded that the doctrine of *res judicata* precluded the defendant's second motion to seal the record of his conviction. In *Young*, the trial court denied the defendant's first application to seal his conviction because the defendant failed

to satisfy the statutory requirements to warrant sealing his record.   The defendant did not appeal.

{¶26} The following year, the defendant filed a second application to seal his record. The trial court again denied the defendant's application and concluded that the defendant was not entitled to file successive motions.   The appellate court affirmed the trial court's judgment and concluded that the defendant was "not entitled to relitigate the issues by filing a second application."   *Id.* at *1.

{¶27} In *Haney,* the court likewise concluded that the defendant was not entitled to file successive motions to seal the record of his conviction.   In that case, the defendant claimed in both his first and second applications "that he is now a responsible citizen and needs the expungement to improve his employment opportunities and economic well-being."   *Id.* at *4. The *Haney* court determined that *res judicata* precluded the defendant's second application when the defendant previously raised the same arguments in his first applications.

{¶28} Similarly, in *Singo* the court concluded that *res judicata* precludes a successive motion for "sealing when there has been no change of circumstances since the filing of the offender's prior motion."   *Id.* at ¶ 12.   In *Singo*, trial court denied the defendant's first application to seal.   The court determined that the state's interest in maintaining the conviction outweighed the defendant's interest in having the record sealed.   The defendant did not appeal. The next year, the defendant filed a second application to seal.   He did not, however, allege that any circumstances had changed since he filed his first application.   The trial court denied the second application.   On appeal, the court affirmed the trial court's judgment to deny the defendant's second application.   The court explained that allowing defendants to file successive

motions to seal the record of a conviction would allow defendants to "file repeated motions for sealing in the hopes of obtaining a different outcome, based on the same set of circumstances." *Id.*

{¶29} After our review in the case at bar, we believe that the doctrine of *res judicata* precludes appellee's second application to seal the record of his conviction. Appellee did not establish that a sufficient change in circumstances has occurred since he first requested the trial court to seal the record of his conviction. Although appellee claims that his health has declined in the year and one-half since he first requested the court to seal his record, appellee did not elaborate how his health changed in a material way during the time that elapsed since he first requested the court to seal the record of his conviction. Furthermore, appellee's second application fails to raise any arguments that he could not have raised in his first application. Indeed, at the hearing none of the arguments appellee raised were incapable of being presented when he first requested the trial court to seal his record. We therefore agree with appellant that the doctrine of *res judicata* precludes appellee's second application to seal the record of his conviction and that the trial court erred by granting appellee's second application.

{¶30} Accordingly, based upon the foregoing reasons, we sustain appellant's fourth assignment of error and reverse the trial court's judgment that granted appellee's application to seal the record of his conviction. Our disposition of appellant's fourth assignment of error renders its third and fifth assignments of error moot. We therefore do not address them. *See* App.R. 12(A)(1)(C).

JUDGMENT REVERSED.

JUDGMENT ENTRY

It is ordered that the judgment be reversed and that appellant recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.

TOPICS & ISSUES

Motion to waive court costs–trial court could not grant defendant's request to waive court costs when defendant convicted before effective date of statute that vested court with continuing jurisdiction to consider motion to waive court costs–Application to seal record of conviction–res judicata barred defendant's second application to seal record when defendant did not allege sufficient change in circumstances since he filed his first application