[Cite as *State v. C.H.*, 2019-Ohio-3786.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-495 |
| v. | : | (C.P.C. No. 10CR-3067) |
| [C.L.H.], | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 19, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee. **Argued:** *Michael P. Walton.*

**On brief:** *Timothy Young*, Ohio Public Defender, and *Victoria Bader*, for appellant. **Argued:** *Victoria Bader.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, C.L.H., appeals the May 18, 2018 judgment of the Franklin County Court of Common Pleas denying an application for an order to seal the record. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On May 21, 2010, a Franklin County Grand Jury filed an indictment charging appellant with one count of failure to provide notice of a change of address in violation of R.C. 2950.05, a felony of the fourth degree. The indictment provided that appellant's duty to register a change of address arose from his prior judgment of conviction for importuning in violation of R.C. 2907.07, a felony of the fourth degree, which was entered on July 8, 2009 in the Juvenile Division of the Court of Common Pleas of Vinton County, Ohio. On July 13, 2010, an entry of guilty plea was filed in the trial court. On September 9, 2010, the trial court filed a judgment entry finding appellant guilty of the charged offense and

sentencing appellant to community control, under intensive supervision, sex offender caseload, for a period of five years. On July 1, 2011, the trial court filed a judgment entry finding appellant violated the terms of community control and sentencing appellant to a 17-month period of incarceration.

{¶ 3} On November 22, 2013, appellant filed a motion to vacate his conviction, or in the alternative for relief from judgment, because his sex offender classification arising from his conviction for importuning was void under the authority of *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374 and *In re J.V.*, 134 Ohio St.3d 1, 2012-Ohio-4961. On December 6, 2013, plaintiff-appellee, State of Ohio, filed a memorandum contra appellant's November 22, 2013 motion. On December 12, 2013, the trial court filed an entry vacating appellant's conviction and terminating appellant's community control and all fees, fines, and court costs associated with the matter. On appeal, we reversed the judgment of the trial court and remanded for the trial court to expressly determine whether appellant's underlying sex offender classification was void.

{¶ 4} On February 12, 2015, the trial court issued a decision and entry granting appellant's November 22, 2013 motion to vacate his sex offender classification. The state appealed.

{¶ 5} While the appeal was pending, on May 21, 2015, appellant filed his first application to seal the record of the case pursuant to R.C. 2953.52(A)(1). On June 4, 2015, the state filed a memorandum contra appellant's first application. On June 30, 2015, the trial court filed a decision and entry denying appellant's first application. In the decision, the trial court stated that appellant's "record cannot be sealed pursuant to ORC 2953.52(A)(1) since the indictment has not been dismissed." Appellant did not appeal the trial court's June 30, 2015 decision.

{¶ 6} On May 6, 2016, we issued a decision affirming the trial court's February 12, 2015 judgment granting appellant's motion to vacate his sex offender classification. In our decision, we found as relevant to the instant matter that the trial court did not err by concluding: (1) appellant's sex offender classification was void, and (2) appellant's failure to notify conviction was void.

{¶ 7} On April 17, 2017, appellant filed his second application for order sealing record of dismissal, finding of not guilty, or no bill pursuant to R.C. 2953.52(A). On May 15, 2017, the state filed an objection to appellant's second application to seal the record. On

July 6, 2017, the trial court filed a judgment entry withdrawing appellant's second application for an order sealing the record. In the entry, the trial court noted the application was withdrawn at appellant's request.

{¶ 8} On January 26, 2018, appellant filed a third application for order sealing record of dismissal, finding of not guilty, or no bill pursuant to R.C. 2953.52(A). On March 12, 2018, the state filed an objection to appellant's third application. In its objection, the state provided four grounds in support of its argument that the application should be denied: (1) appellant cited no authority to order official records to be expunged, as opposed to sealed, (2) appellant's application was barred by res judicata, (3) appellant's application was barred because of pending criminal proceedings, and (4) the public's interest in maintaining the record exceeded any particularized need demonstrated by appellant.

{¶ 9} On April 4, 2018, the trial court held a hearing on appellant's third application. On May 18, 2018, the trial court filed a judgment entry denying the application. In its judgment entry, the trial court stated the following: "This cause came to be heard upon the application, pursuant to Section 2953.32, Ohio Revised Code, for an order sealing the record in [this case]. Said application is hereby Denied. The court concurs with the State of Ohio's arguments."

## II. Assignment of Error

{¶ 10} Appellant appeals and assigns the following error for our review:

> The Franklin County Common Pleas Court abused its discretion when it summarily and categorically denied [C.H.'s] application to seal the record * * * in violation of R.C. 2953.52.

## III. Analysis

{¶ 11} In his sole assignment of error, appellant asserts the trial court erred by denying his third application to seal the record pursuant to R.C. 2953.52.

## A. Applicable Law and Standard of Review

{¶ 12} Sealing records in Ohio is a two-step process.[1] First, a court must make a legal determination as to whether the applicant is an "eligible offender" under the relevant statute. *Compare* R.C. 2953.32 with 2953.52. Here, appellant sought to seal records

---

[1] We note that "[i]n Ohio, 'expungement' remains a common colloquialism used to describe the process of sealing criminal records pursuant to statutory authority." *State v. Nichols*, 10th Dist. No. 14AP-498, 2015-Ohio-581, ¶ 8, citing *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 11.

pursuant to R.C. 2953.52. Under R.C. 2953.52(A)(1), "[a]ny person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case." In determining whether an applicant is an eligible offender under R.C. 2953.52, the court must determine: (1) whether the applicant was found not guilty or whether the complaint, indictment, or information was dismissed, and (2) whether criminal proceedings are pending against the applicant. R.C. 2953.52(B)(2)(a) and (b). *See also* R.C. 2953.61 (providing for sealing of records in cases of multiple charges). "Whether an applicant is an 'eligible offender' for purposes of an application to seal the record of a conviction is an issue that we review de novo." *State v. A.L.M.*, 10th Dist. No. 16AP-722, 2017-Ohio-2772, ¶ 9, citing *State v. Tauch*, 10th Dist. No. 13AP-327, 2013-Ohio-5796, ¶ 7. *See also State v. C.A.*, 10th Dist. No. 14AP-738, 2015-Ohio-3437, ¶ 9.

{¶ 13} Second, if the court finds the applicant to be an eligible offender, it must use its discretion to: (1) consider objections, if any, raised by the prosecutor, and (2) weigh the interests of the applicant to seal the record against the legitimate needs, if any, of the government to maintain those records. R.C. 2953.52(B)(2)(c) and (d). We apply an abuse of discretion standard when reviewing a trial court's resolution of these issues. *C.A.* at ¶ 10; *In re Application for the Sealing of the Records of A.R.H.*, 10th Dist. No. 18AP-554, 2019-Ohio-1325, ¶ 9.

{¶ 14} If the trial court finds the applicant to be an eligible offender and, using its discretion, finds the other factors support sealing the records of conviction, the trial court "*shall* issue an order directing that all official records pertaining to the case be sealed." (Emphasis added.) R.C. 2953.52(B)(4). Statutes providing for the sealing of records "are remedial and are, therefore, to be construed liberally to promote their purpose and assist the parties in obtaining justice." *C.A.* at ¶ 11, citing *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622 (1999), citing R.C. 1.11. *See also Barker v. State*, 62 Ohio St.2d 35, 42 (1980).

## B. Analysis

{¶ 15} We begin by addressing the state's argument that appellant's third application to seal the record is barred by res judicata. In Ohio, "[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, ¶ 6, citing *Grava v.*

*Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995). "With regard to claim preclusion, a final judgment or decree rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them." *Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, ¶ 7. Additionally, "an existing final judgment or decree between the parties is conclusive as to all claims that were or might have been litigated in a first lawsuit." *Id.* Collateral estoppel, on the other hand, " 'precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action.' " *Warrensville Hts. City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 152 Ohio St.3d 277, 2017-Ohio-8845, ¶ 9, quoting *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 112 (1969).

{¶ 16} We have held the doctrine of res judicata applies to applications for sealing of records. *In re Sealing of the Record of Brown*, 10th Dist. No. 07AP-715, 2008-Ohio-4105, ¶ 10. "[A]bsent demonstration by the applicant that there has been a change in circumstances from the time of the filing of the previous application, res judicata bars successive attempts to relitigate the same issues in subsequent [record sealing] applications." *Id.* Demonstrating a " 'change in circumstances requires more than the mere passage of time.' " *Id.*, quoting *State v. Haney*, 10th Dist. No. 99AP-159 (Nov. 23, 1999). *See State v. Matthews*, 6th Dist. No. WD-14-059, 2015-Ohio-3517, ¶ 13, quoting *State v. Grillo*, 5th Dist. No. 14CA51, 2015-Ohio-308, ¶ 20 ("[T]he broadening of the class of persons eligible for expungement 'constitutes a change in circumstances between the prior requests for expungement and the [successive] application so as to allow a court to consider a subsequent petition and res judicata would not bar its review.' ").

{¶ 17} Here, appellant filed three applications to seal the record. In its decision denying the first application, the trial court stated appellant's "record cannot be sealed pursuant to [R.C.] 2953.52(A)(1) since the indictment has not been dismissed." Appellant did not appeal the trial court's June 30, 2015 decision.

{¶ 18} Appellant contends that successive applications to seal records are not "indiscriminately barred by res judicata." (Appellant's Reply Brief at 1.) In support of his argument, appellant argues he has demonstrated a change of circumstances sufficient to permit consideration of his third application. In his first application, appellant asserted that "each time he applies for a job or tries to enroll in community college, a background check generates a record of his vacated conviction, making his juvenile sex offense history

public." (May 21, 2015 App. at 4.) Appellant points to his counsel's statements at the hearing on his third application in which counsel asserted that: (1) appellant's record continues to appear on background checks, (2) appellant has been questioned about his vacated failure to register charge when applying for housing, employment, and community college, (3) appellant routinely requests counsel write letters to and speak with potential landlords and employers regarding his vacated conviction, and (4) appellant continues to struggle to find stable housing and employment.

{¶ 19} First, appellant's counsel did not argue at the hearing that the listed factors constituted a change in circumstances. Second, although the factors listed by appellant's counsel may arguably constitute a change in circumstances with regard to demonstrating appellant's interests in sealing the record under R.C. 2953.52(B)(2)(d), appellant's arguments do not pertain to the trial court's determination that he was not an eligible offender under R.C. 2953.52(A)(1) because the indictment had not been dismissed. Indeed, appellant admits his indictment has not been dismissed. Furthermore, appellant did not indicate that he has sought or is seeking dismissal of the indictment.[2]

{¶ 20} Appellant had the opportunity to challenge the trial court's decision on his first application by filing an appeal, allowing for any errors committed in the denial of the first application to be corrected at that time. *State v. Singo*, 9th Dist. No. 27094, 2014-Ohio-5335, ¶ 13; *State v. Bailey*, 2d Dist. No. 26464, 2015-Ohio-3791, ¶ 18. However, because he did not appeal, appellant cannot now circumvent the trial court's eligibility determination or attempt to relitigate the same by asserting facts immaterial to a change in his eligibility. *See State v. D.M.*, 4th Dist. No. 17CA3822, 2018-Ohio-3327, ¶ 29 (finding res judicata barred successive application to seal record because applicant "did not elaborate how his health changed in a material way during the time that elapsed since he first requested the court to seal the record of his conviction" and because applicant "fail[ed] to raise any arguments that he could not have raised in his first application"); *Brown* at ¶ 10. Therefore, under the facts and circumstances of this case, we find appellant has failed to establish a material change in circumstances sufficient to prevent the operation of res judicata.

_____

[2] *See* Crim.R. 48(B).

{¶ 21} Next, appellant contends a vacated conviction is the functional equivalent of a dismissal for purposes of sealing a record under R.C. 2953.52. Appellant raised this argument in his first application to seal the record. Because he did not appeal the trial court's decision denying his first application, res judicata bars him from attempting to relitigate this issue now. *In re A.R.*, 10th Dist. No. 16AP-482, 2017-Ohio-1575, ¶ 10; *State v. Breeze*, 10th Dist. No. 15AP-1027, 2016-Ohio-1457, ¶ 13; *State v. Jackson*, 10th Dist. No. 15AP-581, 2015-Ohio-5282, ¶ 5. As a result, we decline to consider appellant's argument and specifically make no determination regarding this issue.

{¶ 22} Finally, having found res judicata barred appellant's third application to seal his records, we need not consider appellant's remaining arguments that the trial court erroneously considered the wrong statutory section and the trial court's decision was insufficiently detailed, as any error related to such arguments was harmless. Therefore, under the facts and circumstances of this case, we find the trial court did not err by denying appellant's third application to seal the record. Accordingly, appellant's assignment of error is overruled.

## IV. Conclusion

{¶ 23} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and McGRATH, JJ., concur.

McGRATH, J., retired, formerly of the Tenth Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).