[Cite as *State v. P.J.U.*, 2021-Ohio-4611.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110557 |
| v. | : | |
| P.J.U., | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 30, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-96-342474-ZA

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Callista Plemel, Assistant Prosecuting
Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Robert McCaleb, Assistant Public Defender, *for appellant.*

LISA B. FORBES, J.:

**{¶ 1}** Appellant P.J.U. appeals the trial court's order denying his application to seal his record of conviction. After review of the law and pertinent facts of the case, we affirm.

## I.    Facts and Procedural History

**{¶ 2}** In 1996, P.J.U. pled guilty to carrying a concealed weapon, a felony of the fourth degree in violation of R.C. 2923.12. The trial court sentenced P.J.U. to two years of community-control sanctions.

**{¶ 3}** On May 27, 2005, P.J.U. moved the trial court to seal his criminal record. The trial court held a hearing and subsequently denied P.J.U.'s motion on September 15, 2005. P.J.U. filed a motion for reconsideration in the trial court, which was denied on November 15, 2005. P.J.U. did not appeal either denial.

**{¶ 4}** P.J.U. again sought to seal his record of conviction, filing another motion for reconsideration in the trial court on July 28, 2006. The trial court denied P.J.U.'s motion stating, "The remedy for this case was to take it to the court of appeals as was advised at the original hearing."

**{¶ 5}** On June 1, 2010, P.J.U. sought once again to have his record of conviction sealed. P.J.U. filed a "renewed application to reconsider the sealing of criminal record" requesting that the court reconsider its previous denial. The trial court issued a journal entry stating P.J.U.'s "motion for reconsideration is moot as the court's previous ruling stands."

{¶ 6} Finally, on April 23, 2021, P.J.U. filed a motion "for expungement of criminal record," which the trial court denied, stating "defendant's application for sealing the record remains denied as it was previously denied per journal entry dated 9/13/05." It is from this denial that P.J.U. appeals.

## II. Law and Analysis

{¶ 7} P.J.U. raises one assignment of error, claiming the trial court erred in denying his "application for an expungement without giving any individualized consideration to [P.J.U.'s] interest in having his record expunged and while relying inappropriately on the nature of the offense." P.J.U.'s motion is barred by the doctrine of res judicata, and accordingly, his sole assignment of error is overruled.

{¶ 8} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject to the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). Res judicata "prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated." *State v. Sneed*, 8th Dist. Cuyahoga No. 84964, 2005-Ohio-1865, ¶ 16, citing *State v. Brown*, 8th Dist. Cuyahoga No. 84322, 2004-Ohio-6421, ¶ 7. The principles of res judicata bar a defendant from filing successive motions requesting to seal his or her criminal record unless the defendant demonstrates a change in circumstance from the time of filing the previous motion. *State v. S.J.*, 2020-Ohio-183, 151 N.E.3d 1021, ¶ 12 (8th Dist.); *State v. D.M.*, 2018-Ohio-3327, 118 N.E.3d 288, ¶ 24 (4th Dist.).

{¶ 9} P.J.U. first moved the trial court to seal his record of conviction in 2005. That motion was denied, and P.J.U. did not file a direct appeal.

{¶ 10} In the present appeal, P.J.U. takes issue with the reasoning used by the trial court when it denied his motion to seal his criminal record in 2005. P.J.U.'s appellate brief focuses on the trial court's alleged error in the 2005 denial. P.J.U. could and should have raised those issues previously via a direct appeal of the 2005 denial. P.J.U. does not demonstrate any change in circumstance between the current application to seal his criminal record and the previously filed application. Accordingly, res judicata bars P.J.U. from filing successive motions seeking to have his criminal record sealed absent a demonstration that there has been a change in circumstance.

{¶ 11} P.J.U.'s sole assignment of error is overruled.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR