[Cite as *State v. Knuckles*, 2013-Ohio-4173.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26801 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RODNEY KNUCKLES | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2010-04-1130 |

DECISION AND JOURNAL ENTRY

Dated: September 25, 2013

MOORE, Presiding Judge.

{¶1} Defendant-Appellant, Rodney Knuckles, appeals from the January 23, 2013 judgment entry of the Summit County Court of Common Pleas. We affirm.

I.

{¶2} In October of 2010, Mr. Knuckles pleaded guilty to burglary, in violation of R.C. 2911.12(A)(3), a felony of the third degree. The trial court sentenced him to five years of imprisonment, suspended, with two years of community control. In April of 2012, Mr. Knuckles violated the terms of his community control, pleaded guilty, and was sentenced to an additional two years of community control with all other terms of his sentence remaining in full effect. A few weeks later, Mr. Knuckles again violated the terms of his community control and pleaded guilty to the charges. In July of 2012, the trial court sentenced him to a definite period of five years of imprisonment, which is not a mandatory term, to run concurrently with a sentence imposed in another case.

{¶3} Mr. Knuckles did not appeal from the April or July judgment entries.

{¶4} On September 26, 2012, Mr. Knuckles filed a post-sentence motion to withdraw his guilty plea from October 2010, alleging that it was not made knowingly, voluntarily, or intelligently, and created a manifest injustice. Specifically, Mr. Knuckles argued that the trial court did not inform him of the specific prison term for violating the conditions of community control.

{¶5} The trial court denied Mr. Knuckles' motion, stating:

* * *

Upon review, the [trial court] finds that [Mr. Knuckles] has not established manifest injustice in the Criminal Rule 11 plea negotiations, the guilty plea proceeding, or sentencing. [Mr. Knuckles] asserts that the [trial court] did not inform him that if he failed to comply with the terms of community control, that he would be sentenced to a definite term of prison. [Mr. Knuckles] has not provided [the trial court with] a transcript from his plea and sentencing. Upon review of the sentencing Journal Entry, the [trial court] notes that he was informed that the violation of the sentence may lead to more restrictive sanctions, up to and including a prison term of five (5) years.

Alternatively, [Mr. Knuckles'] Motion is now barred pursuant to the doctrine of res judicata. The alleged error upon which [Mr. Knuckles] now relies on in support of his Motion to Withdraw was apparent on the face of the record at the time of his sentence. [Mr. Knuckles'] failure to directly appeal his conviction and sentence does not prevent the application of the doctrine of res judicata. *State v. Gorospe*, 9th Dist. Summit Nos. 25551 & 25552, 2011-Ohio-3291, and *State v. Rhoten*, 9th Dist. Summit No. 24487, 2009-Ohio-3362.

* * *

{¶6} Mr. Knuckles appealed, presenting one assignment of error for our consideration.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING [MR. KNUCKLES'] MOTION TO WITHDRAW GUILTY PLEA AND EVIDENTIARY HEARING.

**{¶7}** In his sole assignment of error, Mr. Knuckles argues that the trial court erred in denying his post-sentence motion to withdraw his guilty plea. He alleges that at the plea hearing in October 2010, the trial court failed to inform him of a specific prison term for a community control violation.

**{¶8}** Based upon the record, we conclude that Mr. Knuckles' argument is barred by the doctrine of res judicata.

**{¶9}** It is well established that res judicata prohibits the consideration of issues that could have been raised on direct appeal. *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16-17, citing *State v. Hutton,* 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37; *State v. D'Ambrosio,* 73 Ohio St.3d 141, 143 (1995). "This prohibition extends to claims made in support of motions to withdraw a plea." *State v. Molnar,* 9th Dist. Summit No. 25267, 2011-Ohio-3799, ¶ 9, citing *State v. Ketterer,* 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. *See also Gorospe* at ¶ 9, (for the proposition that res judicata bars motion to withdraw a guilty plea based on errors that are apparent on the face of the record).

**{¶10}** Here, Mr. Knuckles could have raised this issue on direct appeal from the October 27, 2010 judgment entry. However, because he failed to do so, he is now barred from asserting it under the doctrine of res judicata.

**{¶11}** Further, we note that Mr. Knuckles did not provide the trial court, or this Court, with a transcript of the October 2010 plea hearing. In *State v. Brown*, 9th Dist. Summit No. 24831, 2010-Ohio-2328, ¶ 12, we stated that "[a]n incomplete, uncertified transcript is insufficient to demonstrate manifest injustice." "Without a proper transcript," Mr. Knuckles' "motion to withdraw his guilty plea was unsupported." *Id.* As such, because Mr. Knuckles

failed "to submit evidentiary documents sufficient to demonstrate manifest injustice he is not entitled to withdraw his guilty plea." *Id.*

{¶12} Accordingly, Mr. Knuckles' assignment of error is overruled.

III.

{¶13} In overruling Mr. Knuckles' sole assignment of error, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

———————————————
CARLA MOORE
FOR THE COURT

CARR, J.
<u>CONCURS.</u>

BELFANCE, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶14} I respectfully concur in the judgment. I agree that Mr. Knuckles' assignment of error is properly overruled given the absence of a transcript.

<u>APPEARANCES:</u>

RODNEY KNUCKLES, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.