[Cite as *State v. Bailey*, 2015-Ohio-3791.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 26464 |
| | : | |
| v. | : | Trial Court Case No. 1974-CR-874 |
| | : | |
| JAMES P. BAILEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of September, 2015.

. . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
     Attorneys for Plaintiff-Appellee

MICHAEL P. BRUSH, Atty. Reg. No. 0080981, 2233 Miamisburg-Centerville Road, Dayton, Ohio 45459-3816
and
CHRISTINA M. SPENCER, Atty. Reg. No. 0092608, Freund, Freeze & Arnold, Fifth Third Center, 1 South Main Street, Suite 1800, Dayton, Ohio 45402-2017
     Attorneys for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} James Bailey appeals the trial court's denial of his motion to reconsider the denial of his application to seal his record of conviction.

## I. Background

{¶ 2} In 1974, Bailey was indicted for gross sexual imposition of a person under the age of thirteen, an offense under former R.C. 2907.05(A)(3), a third-degree felony. He entered into a plea agreement with the state under which he agreed to plead guilty to the lesser included offense of gross sexual imposition under R.C. 2907.05(A)(1), a felony of the fourth degree. Bailey pleaded guilty to the reduced charge and was sentenced to one to five years in prison. The sentence was suspended, and Bailey was placed on probation. In 1977, he completed the requirements of probation and his case was closed.

{¶ 3} In 1982, Bailey moved to Texas. Twenty years later, in 2012, a deputy sheriff knocked on the door of Bailey's Houston home. The deputy told Bailey that, because of his 1974 Ohio conviction, Texas law required him to register as a sex offender. Bailey called the Ohio clerk of courts and asked about the record of his conviction. He asserts that the clerk told him that there was no such file in their office. Bailey called the clerk's office a second time. This time, the clerk told him that there was a file of his conviction, but the file was located in another building. The clerk told Bailey to fill out an application asking the court to expunge the record.

{¶ 4} In 2012 Bailey filed a pro se application to seal his record of conviction under R.C. 2953.32. A hearing on the application was held at which Bailey, represented by counsel, testified. Bailey said the 1974 plea agreement included that his conviction would be expunged after he successfully completed probation. He said that before he moved to

Texas he contacted the clerk of courts to ensure that the record of his conviction had been expunged. The clerk told Bailey that there was no record of his conviction, which Bailey thought meant that it had been expunged. To make sure, he called the attorney who represented him in the case, and the attorney told Bailey that the court had no record of him. Shortly after Bailey moved, he called the attorney again and asked if the record had been expunged. The attorney told him that it had been.

{¶ 5} Other than Bailey's testimony, there is no evidence that expungement was part of the plea agreement. The record from the 1974 proceeding, including a transcript of the plea hearing, does not show expungement as part of the deal. The attorney who represented Bailey is deceased. More importantly, though, Bailey's conviction record has not been eligible for sealing since 1994. R.C. 2953.36 precludes the sealing of certain conviction records. A conviction for gross sexual imposition was not among the statutorily precluded convictions when Bailey was convicted, but in 1994, the offense was added to the ineligible offenses. "[T]he statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, ¶ 19. The trial court denied Bailey's application because R.C. 2953.36 listed a conviction under R.C. 2907.05 as an offense for which sealing of the record was not permitted.

{¶ 6} Bailey did not appeal the denial.

{¶ 7} Two years later, in 2014, Bailey filed, though counsel, a motion captioned "*James P. Bailey's Motion for Reconsideration of Motion for Expungement / Sealing of the Record.*"[1] The motion argues that, under the balancing test established in *Pepper Pike v.*

---

[1] The Ohio Supreme Court has said that "expungement is a separate process from

*Doe*, 66 Ohio St.2d 374, 421 N.E.2d 1303 (1981), the trial court has discretion to seal in unusual and exceptional cases, which, the motion says, should apply to his case. But the trial court overruled the motion for reconsideration, saying that it would not exercise its discretion to create a statutory exception where no exception exists. This time, Bailey appealed.

## II. Analysis

{¶ 8} Bailey assigns four errors to the trial court. He alleges that the trial court erred by finding that it had no discretion to seal his record, erred by not applying the balancing test, erred by not sealing his record when his constitutional rights were violated, and erred by not applying the version of the precluded-convictions statute, R.C. 2953.36, that was in effect in 1977, when Bailey completed probation.

### A. Jurisdiction

{¶ 9} The state contends that we lack jurisdiction to hear this appeal because the order denying Bailey's 2012 application is a final judgment and final judgments are not subject to reconsideration motions. Initially we note the state's argument is directed more at whether the trial court had authority to act because once it did consider the application and rendered a decision we most certainly have jurisdiction to review that action.

{¶ 10} "Interlocutory orders are subject to motions for reconsideration, whereas judgments and final orders are not." *Pitts v. Ohio Dept. Of Transp.*, 67 Ohio St.2d 378, 379, 423 N.E.2d 1105 (1981) fn. 1. So "motions for reconsideration of a final judgment in

---

sealing a conviction record. Expungement results in deletion, making all case records 'permanently irretrievable,' R.C. 2953.37(A)(1), while sealing simply provides a shield from the public's gaze. R.C. 2953.32(D), restricting inspection of sealed records of conviction to certain persons for certain purposes." *State v. Radcliff*, 142 Ohio St.3d 78, 2015-Ohio-235, 28 N.E.3d 69, ¶ 11, fn. 1. Here, the issue is sealing.

the trial court are a nullity." *Id.* at 379. It follows then that an order entered on a motion for reconsideration of a final judgment is also a legal nullity. *Robinson v. Robinson*, 168 Ohio App.3d 476, 2006-Ohio-4282, 860 N.E.2d 1027, ¶ 17 (2d Dist.), citing *id.* Thus, on appeal, an order entered on a motion for reconsideration of a final order "must be vacated for a lack of jurisdiction." *Id.*, citing *Pitts.*

{¶ 11} The 2012 order denying Bailey's application is a final order. However, the time to appeal that order did not begin to run because that order does not contain Civ. R. 58(B) language. *See,* e.g., *Unifund CCR Partners v. Hemm*, 2d Dist. Miami No. 08-CA-36, 2009-Ohio-3522, ¶8. If Bailey's 2014 motion is a motion asking the trial court to reconsider its 2012 order, the trial court should have declined to entertain it. But the court did entertain the 2014 motion and even labeled its overruling order a "FINAL APPEALABLE ORDER," which did contain Rule 58(B) language. So it is possible that the trial court construed the 2014 motion not as a motion for reconsideration but as a second application to seal based, in part, not on statutory authority to seal the record, but rather on the notion that the court has inherent authority to seal records outside the statutory sealing scheme. The *Pepper Pike* case, cited by the defendant in his secondary application, dealt with the situation where charges against that defendant had been dismissed. There was no conviction. At that time, there was a sealing of record statute that dealt with convictions but there was not, as there is now, a statute for sealing records of charges or arrest when the charges were dismissed or there was a not guilty finding. In *Pepper Pike*, the Ohio Supreme Court held that the trial court, "in unusual and exceptional circumstances" could expunge criminal records even absent statutory authority. The question of what, exactly, is presented to a court turns not on a document's caption but on

the type of relief sought. "Any other result would improperly elevate form over substance." *State v. Davidson*, 17 Ohio St.3d 132, 135, 477 N.E.2d 1141 (1985). Here, Bailey's 2014 motion does refer to the trial court's order denying his application to seal and focuses its legal argument on the idea that courts have inherent discretion to seal. But the motion does not explicitly ask the trial court to reconsider its order. Rather, the motion asks the court to seal Bailey's record of conviction.

{¶ 12} Because the trial court might have construed the 2014 motion as a second application to seal, and further because the issue of whether the record should be sealed is related to the 2012 order for which appeal time never ran, we will consider this appeal as an appeal of the denial of the combined applications to seal.

### B. Initial application to seal

{¶ 13} We reiterate that in *State v. LaSalle*, *supra*, ¶ 19, the Ohio Supreme Court made explicitly clear that the version of the sealing statute to be applied is the one in effect at the time of the filing of the application for sealing. This opinion has been repeatedly cited and followed even when changes in R.C. 2953.36 have been challenged as unconstitutionally retroactive. *State v. Wilfong*, 2d Dist. Clark No. 2000–CA–75, 2001 WL 256326, *1 (Mar. 16, 2001); *State v. Moorehart*, 5th Dist. Fairfield No. 2008 CA 72, 2009-Ohio-2844, ¶ 19. The trial court's 2012 order overruling the first application to seal does not refer specifically to *LaSalle*, but the order does indicate that under the sealing statute, a conviction for a violation of R.C. 2907.05 is not eligible to be sealed, which effectively applies the version of R.C. 2953.36 in effect in 2012. The trial court was correct to deny statutory sealing of the applicant's record of conviction by applying the statute in effect at the time of the application and that determination is not unconstitutional.

### C. Subsequent applications to seal

{¶ 14} Bailey's first application to seal had specifically referred to the statutory provisions of R.C. 2953.31 through 2953.35. Those sections pertinently provide that an "[a]pplication may be made at the expiration of three years after the offender's final discharge if convicted of a felony." Bailey's first application gives as reasons to seal that "more than three (3) years have passed since the final discharge of the defendant from the sentence imposed in this case, there are no criminal proceedings pending against the defendant in any court, and the sealing of the record is consistent with the public interest." Bailey's second application quotes R.C. 2953.32(A)(1), indicating that this statute is the legal basis of his request, but he also refers to *Pepper Pike* which stood for the proposition that a trial court has inherent authority to seal records, at least when there is no conviction. To add to the confusion, the second application's first paragraph states that it is "being made pursuant to R.C. 2953.51-R.C. 2953.61." None of those sections apply when there is an existing conviction. Because Bailey was convicted, he is not eligible for relief under any of the statutes in R.C. 2953.51-R.C. 2953.61. Consequently the second application is either a renewal of the statutory request made the first time or a new application made under the theory that the court has inherent authority to seal his conviction.

{¶ 15} "But neither the rule of *Pepper Pike* nor its rationale has vitality when the offender has been convicted and is not a first-time offender." *State v. Radcliff*, 142 Ohio St.3d 78, 2015-Ohio-235, 28 N.E.3d 69, ¶27. In *Radcliff*, the Supreme Court recognized that *Pepper Pike* was decided before the legislature had acted concerning the sealing of

records when there was no conviction, and that because the legislature subsequently enacted R.C. 2953.52, dealing with sealing of records without a conviction, that section supplanted the rule adopted in *Pepper Pike* and replaced it with the statutory scheme for sealing non-conviction records. The *Radcliff* court also recognized "[a]lthough the judicial power to seal criminal records still exists, 'it is limited to cases where the accused has been acquitted or exonerated in some way and protection of the accused's privacy interest is paramount to prevent injustice.' " *Id.*, ¶27 (citations omitted). Therefore, whatever inherent authority to seal a criminal record survives after *Radcliff* does not apply when, as in this case, there has been a conviction.

{¶ 16} Finally, this Court has concluded that successive applications to seal a criminal record are prohibited by res judicata. In *State v. Young*, 2d Dist. Montgomery No. 12847, 1992 WL 4465 (Jan. 14, 1992), the defendant's first application to seal his criminal record was overruled by the trial court, which concluded that the defendant was not eligible because he did not meet the statutory requirements for sealing. The defendant did not appeal. The following year, the defendant filed a second application to seal. The trial court overruled this application too, concluding that the defendant was not entitled to successive motions on the same subject. This time, the defendant appealed. This Court affirmed, saying, "[w]e agree with the trial court that the appellant is not entitled to relitigate the issues by filing a second application." *Id.*, *1.

{¶ 17} Other Ohio appellate courts have reached the same conclusion. *E.g.*, *State v. Haney*, 10th Dist. Franklin No. 99AP-159, 1999 WL 1054840 (Nov. 23, 1999) (concluding that res judicata precluded the second application because the reasons cited were identical to those cited in the first application, and noting that "the court in *Young*

clearly found that successive motions to expunge are prohibited"). In the Ninth District case of *State v. Singo*, 9th Dist. Summit No. 27094, 2014-Ohio-5335, the trial court denied the defendant's first application to seal, determining that the state's interest in maintaining the conviction outweighed the defendant's interest in having the record sealed. The defendant did not appeal. The following year, the defendant filed a second application to seal. He did not allege that any circumstances had changed since the filing of the first application. The trial court denied the second application. On appeal, the appellate court said that "'[i]t is well established that res judicata prohibits the consideration of issues that could have been raised on direct appeal.'" *Singo* at ¶ 12, quoting *State v. Knuckles*, 9th Dist. Summit No. 26801, 2013-Ohio-4173, ¶ 9. "Res judicata," the court explained, "applies to successive motions for sealing when there has been no change of circumstances since the filing of the offender's prior motion." (Citation omitted.) *Id.* "Were it otherwise," the court continued, "there would be no disincentive to offenders who might file repeated motions for sealing in the hopes of obtaining a different outcome, based on the same set of circumstances." *Id.* Any errors committed in the denial of the first motion, said the court, could have been raised on direct appeal. But "[b]ecause [the defendant] did not appeal from the court's denial of his first motion for sealing," concluded the court, "res judicata now prohibits this Court's consideration of those issues." (Citation omitted.) *Id.* at ¶ 13.

{¶ 18} In the present case, the statutory and factual bases in Bailey's second application are identical to those in his first application. The second application does not allege that any change in circumstance has occurred since the first application was denied and does not raise any argument that could not otherwise have been raised in the

first application. Res judicata prevents us from considering the issues now.


### III. Conclusion

{¶ 19} Bailey's assignments of error are overruled.

{¶ 20} The trial court's judgment is affirmed.

. . . . . . . . . . . . .


FAIN, J., and DONOVAN, J., concur.


Copies mailed to:

Mathias H. Heck
Kirsten A. Brandt
Michael P. Brush
Christina M. Spencer
Hon. Mary L. Wiseman