[Cite as *State v. Simbo*, 2023-Ohio-4404.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No.     30435 |
| | | |
|     Appellee | | |
| | | |
|     v. | | APPEAL FROM JUDGMENT |
| | | ENTERED IN THE |
| MICHAEL SIMBO | | COURT OF COMMON PLEAS |
| | | COUNTY OF SUMMIT, OHIO |
|     Appellant | | CASE No.     CR 21 05 1865 |

DECISION AND JOURNAL ENTRY

Dated: December 6, 2023

CARR, Judge.

{¶1} Defendant-Appellant Michael Simbo appeals the judgment of the Summit County Court of Common Pleas. This Court reverses and remands for proceedings consistent with this decision.

I.

{¶2} On March 16, 2021, an Ohio State Highway Patrol Trooper observed the vehicle Simbo was driving speeding on the turnpike. The trooper attempted to initiate a traffic stop, but the vehicle accelerated and led law enforcement on a high-speed chase which ultimately resulted in the vehicle crashing, two of the passengers suffering fatal injuries, and an additional passenger being hospitalized.

{¶3} As a result, Simbo was indicted on two counts of aggravated vehicular homicide, felonies of the second degree, one count of vehicular assault, a felony of the third degree, and one count failure to comply with an order or signal of a police officer, a felony of the third degree.

{¶4} Ultimately, Simbo pleaded guilty to the indictment with the first two counts amended to felonies of the third degree. There is no written plea agreement in the record. The trial court ordered the sentences to be served consecutively, for a total sentence of 11 years in prison, with 6.5 years being mandatory time.

{¶5} Simbo has appealed, raising two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE PLEA ENTERED BY MICHAEL SIMBO IS INVALID BECAUSE IT HAS NOT BEEN ENTERED IN A KNOWING, INTELLIGENT, AND VOLUNTARY MANNER AND THE TRIAL JUDGE COULD NOT ACCEPT THE GUILTY PLEA BECAUSE IT DID NOT FIRST ENSURE THAT DEFENDANT SIMBO WAS FULLY INFORMED OF THE CONSEQUENCES OF HIS PLEA AS PERTAINS TO MANDATORY TIME AND INELIGIBILITY OF COMMUNITY CONTROL.

{¶6} Simbo argues in his first assignment of error that his plea was invalid because the trial court failed to inform Simbo he was subject to mandatory prison time and was ineligible to be placed on community control.

{¶7} "A plea is invalid where it has not been entered in a knowing, intelligent, and voluntary manner." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 4, citing *State v. Clark*, 119 Ohio St.3d 239, 2008–Ohio–3748, ¶ 25, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "Crim.R. 11(C) prohibits a trial judge from accepting a guilty plea without first ensuring that the defendant is fully informed regarding his rights and that he understands the consequences of his plea." *Farnsworth* at ¶ 4.

{¶8} Simbo asserts that the trial court failed to comply with Crim.R. 11(C)(2)(a). Crim.R. 11(C)(2)(a) states:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the

defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶9} In *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, the Supreme Court clarified how appellate courts are to review a plea to determine if the plea was knowing, intelligent and voluntary. Generally, "[w]hen a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *Id*. at ¶ 13. However, with respect to reviewing a plea, there are two exceptions to this rule. *Id*. at ¶ 16. "When a trial court fails to explain the constitutional rights [set forth in Crim.R. 11(C)(2)(c)] that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." (Internal citations omitted.) *Dangler* at ¶ 14. In addition, "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." (Emphasis in original.) *Dangler* at ¶ 15. "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16. "The test for prejudice is whether the plea would have otherwise been made." (Internal quotations and citation omitted.) *Id*.

{¶10} This analysis can be summarized as a review of the following questions: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of

demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* at ¶ 17.

{¶11} Simbo pleaded guilty to two violations of R.C. 2903.06(A)(2)(a),(B)(3), one violation of R.C. 2903.08(A)(2)(b),(C)(2), and one violation of R.C. 2921.331(B),(C)(5)(a)(i), all felonies of the third degree. It is undisputed that the violations of R.C. 2903.06(A)(2) subjected him to mandatory prison time. *See* R.C. 2903.06(B)(3) ("The court shall impose a mandatory prison term on the offender when required by division (E) of this section."); R.C. 2903.06(E)(2)(a) ("The court shall impose a mandatory prison term on an offender who is convicted of or pleads guilty to a violation of division (A)(2) * * * if * * * [t]he offender previously has been convicted of or pleaded guilty to a violation of this section or section 2903.08 of the Revised Code[.]"). "A defendant who is required to serve a mandatory prison term is ineligible for probation or community control." *State v. Foster*, 1st Dist. Hamilton No. C-170245, 2018-Ohio-4006, ¶ 17, citing R.C. 2929.16(A); *see also State v. Garrett*, 9th Dist. Summit No. 24143, 2009-Ohio-2339, ¶ 9. At the plea hearing, the trial court did not inform Simbo that he faced mandatory prison time or that he was ineligible for probation or community control.

{¶12} While not specifically raised by the parties, we additionally note that the trial court incorrectly informed Simbo as to the maximum sentence he faced. Under R.C. 2929.14, the maximum prison sentence for the first three charges was 60 months for each offense. *See* R.C. 2929.14(A)(3)(a) ("For a felony of the third degree that is a violation of section 2903.06, 2903.08, * * * the prison term shall be a definite term of twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months."). As to the R.C. 2921.331 violation, Simbo faced a possible 36-month sentence. *See* R.C. 2929.14(A)(3)(b). Accordingly, Simbo faced a maximum prison term of 18 years if the sentences were run consecutively. The trial court,

however, informed Simbo at the plea hearing that the maximum sentence he faced was sixteen years.

{¶13} Accordingly, we can only conclude that the trial court completely failed to comply with Crim.R. 11(C)(2)(a) and there is no need for Simbo to demonstrate prejudice. *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, at ¶ 15.

{¶14} Simbo's first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT FAILED TO MAKE THE REQUIRED FINDINGS AND TO ADHERE TO R.C. 2929.14(C)(4) AND 2929.41(A) IN IMPOSING CONSECUTIVE SENTENCES AND [] AS SUCH, THE TRIAL COURT'S FINDINGS WERE ERRONEOUS AND THE SENTENCE EXCESSIVE AND ARE "CONTRARY TO LAW" AND THE SENTENCE IS PLAIN ERROR.

{¶15} Simbo argues in his second assignment of error that the trial court failed to make the required findings at the sentencing hearing to impose consecutive sentences. In light of this Court's resolution of Simbo's first assignment of error, this assignment of error has been rendered moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

III.

{¶16} Simbo's first assignment of error is sustained, and his second assignment of error is moot. The judgment of the Summit County Court of Common Pleas is reversed, and the matter remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.