[Cite as *State v. Stooksbury*, 2025-Ohio-1883.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

ALAN J. STOOKSBURY

    Appellant

C.A. No.     2024CA0056-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     2023CR0263

DECISION AND JOURNAL ENTRY

Dated: May 27, 2025

STEVENSON, Judge.

**{¶1}** Defendant-Appellant Alan Stooksbury appeals from the June 7, 2024, judgment entry of the Medina County Court of Common Pleas imposing a previously suspended sentence of 365 days in jail, with credit for time served. For the reasons set forth below, we affirm.

I.

**{¶2}** Mr. Stooksbury was charged with two counts of operating a vehicle under the influence of alcohol, a drug of abuse or a combination of them ("OVI"), in violation of R.C. 4511.19(A)(1)(a)(G)(1)(d), felonies of the fourth degree. Both counts of the indictment alleged that within ten years of the offense, Mr. Stooksbury was convicted of or pleaded guilty to four violations of R.C. 4511.19(A) or (B), or other equivalent offenses.

**{¶3}** After plea negotiations, the State moved to dismiss count two in exchange for a guilty plea to amended count one, OVI in violation of R.C. 4511.19(A)(1)(a)(G)(1)(c), an unclassified misdemeanor, with two prior OVI convictions.

{¶4} Mr. Stooksbury pleaded guilty to amended count one at a July 31, 2023, change of plea hearing. After engaging in a plea colloquy with Mr. Stooksbury, the court found Mr. Stooksbury guilty of amended count one, ordered a presentence investigation report ("PSI"), and scheduled a sentencing hearing. Mr. Stooksbury signed a written plea of guilty in open court at the change of plea hearing. Mr. Stooksbury was represented by counsel at this hearing.

{¶5} The trial court sentenced Mr. Stooksbury on September 28, 2023, to 365 days in the Medina County Jail, with 350 days suspended and credit for two days served on amended count one. The court suspended Mr. Stooksbury's sentence on the condition he comply with the conditions of community control. Mr. Stooksbury was placed under the supervision of the Medina County Adult Probation Department for three years. The court also ordered that Mr. Stooksbury undergo a treatment assessment at any agency chosen by the probation department and that he follow all prescribed recommendations and treatment plans. The court suspended Mr. Stooksbury's operator's license for five years and ordered that he undergo alcohol monitoring for 365 days at his expense. Mr. Stooksbury was ordered to pay a fine, costs, and supervision fees. Mr. Stooksbury's vehicle was forfeited and was later released to the lienholder. Mr. Stooksbury was represented by counsel at the sentencing hearing. Mr. Stooksbury did not file a direct appeal of the September 28, 2023, final order of conviction.

{¶6} Mr. Stooksbury was later charged with community control violations and a capias was issued for his arrest. It was alleged that Mr. Stooksbury violated community control when he tested positive for alcohol on two occasions; tested positive for marijuana and cocaine in addition to alcohol on his second positive test; was found to be in possession of alcohol and marijuana; and when drug use and possession charges were filed against him in Pennsylvania. There is no dispute

that Mr. Stooksbury was an out of state resident and that, after he was placed on community control, his supervision transferred to Pennsylvania through an interstate compact.

{¶7} Subsequently, Mr. Stooksbury admitted to violating the conditions of his community control at a June 6, 2024, hearing. The trial court accepted the admission, terminated Mr. Stooksbury's supervision, and imposed the original suspended jail sentence of 365 days, with credit for 33 days served, in a June 7, 2024, judgment entry. Mr. Stooksbury appeals from the trial court's June 7, 2024, judgment entry, setting forth two assignments of error for our review. He did not timely appeal that decision, but moved for a delayed appeal of the June 7, 2024, decision which this Court granted.

## II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED IN PROPERLY ADVISING [MR. STOOKSBURY] PURSUANT TO CRIMINAL RULE 11, RENDERING THE PLEA INVALID AND THE PLEA MUST BE VACATED ACCORDING TO LAW.**

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED IN SENTENCING [MR. STOOKSBURY] TO THE MAXIMUM PENALTY OF THREE HUNDRED SIXTY FIVE DAYS AND SAID SENTENCE IS EXCESSIVE AND CONSTITUTES AN ABUSE OF DISCRETION.**

{¶8} Mr. Stooksbury challenges the trial court's imposition of the 365-day suspended sentence in his first and second assignments of error. He argues that his plea was invalid as he was never properly advised that a 365-day sentence was a potential penalty and that the trial court abused its discretion when it imposed this sentence. Mr. Stooksbury is arguing that the court erred in taking his initial plea but is not appealing from that decision, but rather is appealing the decision

imposing his suspended sentence after admission to community control violations. Based on the record, we conclude that Mr. Stooksbury's arguments are barred by the doctrine of res judicata.

{¶9} "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 2010-Ohio-3831, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. It prohibits even "the consideration of issues that could have been raised on direct appeal." *State v. Knuckles*, 2013-Ohio-4173, ¶ 9 (9th Dist.), citing *State v. Saxon,* 2006-Ohio-1245, ¶ 16-17, citing *State v. Hutton*, 2003-Ohio-5607, ¶ 37; *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995).

{¶10} Here, the trial court imposed a definite jail term of 365 days pursuant to R.C. 2929.25(A)(1)(b) on September 28, 2023, and suspended a portion of that sentence on condition Mr. Stooksbury comply with the terms of his community control. Mr. Stooksbury did not file a direct appeal of the September 28, 2023, judgment entry of conviction, or the sentence imposed therein. In the June 7, 2024, order, the trial court did not issue a new sentence after Mr. Stooksbury admitted to violating the terms of his community control, rather it imposed the original suspended sentence. Because Mr. Stooksbury failed to challenge the sentence on direct appeal from the September 28, 2023, judgment entry, he is now barred from asserting his claims under the doctrine of res judicata. *Ketterer*, 2010-Ohio-3831, at ¶ 59, citing *Perry*, 10 Ohio St.2d 175 (1967) at paragraph nine of the syllabus; *State v. Russell*, 2011-Ohio-1181, ¶ 11, 27 (7th Dist.) (concluding that the doctrine of res judicata barred an appellant from attempting to collaterally attack a misdemeanor judgment of conviction through an appeal of a community control violation where the trial court imposed the sentence pursuant to R.C. 2929.25(A)(1)(b)). Mr. Stooksbury moved for a delayed appeal in this case, but only appealed from the June 7, 2024, judgment entry and did not challenge the earlier decision issuing the suspended sentence based on his plea.

**{¶11}** Accordingly, Mr. Stooksbury's assignments of error are overruled.

III.

**{¶12}** Based on the foregoing, Mr. Stooksbury's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

SUTTON, J.
CONCURS IN JUDGMENT ONLY.

FLAGG LANZINGER, P. J.
CONCURRING.

{¶13} I agree that Stooksbury's arguments are barred by the doctrine of res judicata. I write separately because this case presents more complex issues than the majority opinion reflects.

{¶14} First, the majority does not address a significant issue in this case—the trial court's hybrid treatment of Stooksbury's sentence. Stooksbury's OVI in violation of R.C. 4511.19(A)(1)(a) was designated by the General Assembly as an unclassified misdemeanor punishable by up to a year in jail. *See* R.C. 4511.19(G)(1)(c). In the sentencing order, the trial court expressly stated that it considered the overriding principles of felony sentencing set forth in R.C. 2929.11 when sentencing Stooksbury. Additionally, the trial court stated that it found residential community control consistent with the principles and purposes of R.C. 2929.11. That sentence was stated as follows:

> The Defendant is to be sentenced to the Medina County Jail for three-hundred sixty-five (365) days, with suspension of three-hundred fifty (350) days, and with credit for two (2) days served. The sentence is *suspended* on condition he comply with the following conditions of probation.

(Emphasis added.) The trial court found non-residential community control sanctions are consistent with the principles and purposes of R.C. 2929.11 before ordering non-residential community sanctions. Yet, despite the references to the felony sentencing statute, the trial court also expressly suspended the sentence it imposed, which is only permissible under the misdemeanor sentencing statute. *See* R.C. 2929.25(A)(1)(b) (the statute granting a trial court the authority to suspend a directly imposed misdemeanor sentence); *compare* former R.C. 2929.51 (repealed).

{¶15} Next, a review of the June 7, 2024 "Probation Violation Judgment Entry" shows the trial court stated that it held the September 28, 2023 sentencing hearing pursuant to R.C.

2929.19, the statute governing felony sentencing hearings. Further, the trial court states in the same document that, at the time of the sentencing hearing, it considered the factors set forth in R.C. 2929.11 (overriding purposes of felony sentencing) and R.C. 2929.12 (factors to consider in felony sentencing). The trial court then accepted Stooksbury's admission that he had violated his community control and purported to impose a sanction for that violation. Upon review of the September 28, 2023 sentencing order and the June 7, 2024 "Probation Violation Judgment Entry," it appears the trial court treated Stooksbury's jail sentence as having been both suspended pursuant to R.C. 2929.25(A)(1)(b) and reserved as if imposed pursuant to the felony sentencing statute.

{¶16} Like the majority opinion, I would analyze Stooksbury's violation as a misdemeanor because (1) it is undisputed that the General Assembly identified Stooksbury's violation as an unclassified misdemeanor, (2) the trial court expressly suspended the sentence in the September 28, 2023 sentencing order, and (3) Stooksbury does not assert the trial court's hybrid treatment of his sentence was error on appeal. Stooksbury's arguments on appeal all concern his sentence as imposed in the September 28, 2023 sentencing order. Therefore, they are barred by the doctrine of res judicata.

{¶17} Stooksbury's appeal highlights a concern for the General Assembly's creation of future crimes and the potential penalties associated therewith. The General Assembly classified Stooksbury's violation of R.C. 4511.19 as an unclassified misdemeanor carrying a potential maximum term of incarceration of one year—the same maximum sentence as a felony of the fifth degree. *See* R.C. 2929.14(A)(5). During the plea colloquy, the trial court misinformed Stooksbury of the maximum jail sentence he faced, indicating to Stooksbury that the maximum potential sentence potential penalty was only 30 days in jail. The plea form signed by Stooksbury at the time of his plea also errantly indicated that the maximum potential jail sentence was 30 days in

jail. At the subsequent sentencing hearing, and without any indication on the record that Stooksbury was informed of the maximum potential jail sentence, the trial court sentenced Stooksbury to the maximum jail sentence of 365 days in jail, suspending 350 days.

{¶18} A trial court is not required to notify a defendant of the maximum potential penalties prior to accepting a defendant's plea to a misdemeanor. *See* Crim.R. 11(D) and (E). However, if the General Assembly had classified Stooksbury's violation as a felony of the fifth degree, the trial court would have been required to notify him of the potential maximum penalties before accepting his guilty plea, and the trial court's complete failure to do so would have resulted in reversible error. Crim.R. 11(C); *see State v. Dangler*, 2020-Ohio-2765, ¶ 13-15; *State v. Simbo*, 2023-Ohio-4404, ¶ 12-13 (9th Dist.). Additionally, Stooksbury's appellate arguments would not have been barred by the doctrine of res judicata because a trial court has no authority to suspend a felony sentence on condition a defendant comply with community control, but instead only has the authority to *reserve* a prison sentence. *See* former R.C. 2929.51 (repealed); R.C. 2929.13; R.C. 2929.15; R.C. 2929.19.

{¶19} Pursuant to R.C. 2901.02(D), "[r]egardless of the penalty that may be imposed, any offense specifically classified as a felony is a felony, and any offense specifically classified as a misdemeanor is a misdemeanor." In contrast, that same statute, in subsection (E), states that, "[a]ny offense not specifically classified is a felony if imprisonment for more than one year may be imposed as a penalty." Because the General Assembly classified Stooksbury's violation as a misdemeanor rather than a felony, Stooksbury was entitled to fewer protections, despite facing an equivalent potential maximum term of incarceration as a felony of the fifth degree. *Compare* Crim.R. 11(C) *with* Crim.R. 11(D).

{¶20} Under the current framework, the General Assembly could classify a future offense as a misdemeanor and penalize it with a maximum potential term of incarceration equivalent to any felony offense, avoiding the protections afforded to a defendant entering a plea of guilty to a felony offense under Crim.R. 11(C). As such, I encourage the Supreme Court of Ohio to consider the protections afforded under Crim.R. 11 to those defendants facing charges to serious offenses, regardless of their classification. *See* Crim.R. 2(C).

APPEARANCES:

CHRISTINE RUSSO, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.