**[Cite as *State v. Williams*, 2025-Ohio-1909.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    30859 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JJAMALL WILLIAMS | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.    CR 22 02 0594 |

DECISION AND JOURNAL ENTRY

Dated: May 28, 2025

FLAGG LANZINGER, Presiding Judge.

{¶1}    Jjamall David Williams appeals from the judgment of the Summit County Court of Common Pleas.  For the following reasons, this Court reverses and remands for further proceedings consistent with this decision.

I.

{¶2}    A grand jury indicted Williams on two counts of vehicular assault in violation of R.C. 2903.08(A)(2)(b) and one count of driving under suspension in violation of R.C. 4510.11(A).  Williams initially pleaded not guilty but later changed his plea to guilty at a change-of-plea hearing.  The trial court accepted Williams's plea, found him guilty, and sentenced him to a total of six years of incarceration.  Williams now appeals, raising five assignments of error for this Court's review.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED TO THE PREJUDICE OF WILLIAMS BY ACCEPTING A PLEA OF GUILTY THAT WAS NOT MADE KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY[.]

{¶3} In his first assignment of error, Williams argues that he did not knowingly, intelligently, and voluntarily plead guilty because the trial court failed to inform him that he faced mandatory prison terms for the counts of vehicular assault prior to accepting his plea. For the following reasons, this Court sustains Williams's first assignment of error.

{¶4} "A plea is invalid where it has not been entered in a knowing, intelligent, and voluntary manner." *State v. Farnsworth*, 2016-Ohio-7919, ¶ 4 (9th Dist.). "To ensure this standard is met, trial courts must conduct an oral dialogue with the defendant pursuant to Crim.R. 11(C)(2)." *State v. Firl*, 2005-Ohio-5501, ¶ 6 (9th Dist.), citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).

{¶5} Relevantly, Crim.R. 11(C)(2) provides, in part:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and *if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.*

(Emphasis added.) Crim.R. 11(C)(2)(a).

{¶6} Literal compliance with Crim.R. 11 is preferred. *State v. Clark*, 2008-Ohio-3748, ¶ 29. As the Ohio Supreme Court has explained:

If a trial court fails to literally comply with Crim.R. 11, reviewing courts must engage in a multitiered analysis to determine whether the trial judge failed to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy.

*Id.* at ¶ 30.

**{¶7}** "When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid 'under a presumption that it was entered involuntarily and unknowingly.'" *Id.* at ¶ 31, quoting *State v. Griggs*, 2004-Ohio-4415, ¶ 12. "But when a trial court fails to fully cover other 'nonconstitutional' aspects of the plea colloquy, a defendant must affirmatively show prejudice to invalidate a plea." *State v. Dangler*, 2020-Ohio-2765, ¶ 14. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.* at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). That said, "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." (Emphasis in original.). *Dangler* at ¶ 15, citing *State v. Sarkozy*, 2008-Ohio-509, ¶ 22. If a trial court completely fails to comply with a portion of Crim.R. 11(C), the plea must be vacated. *Clark* at ¶ 32.

**{¶8}** Here, the counts of vehicular assault carried mandatory prison terms because Williams was driving under a suspension at the time of the offenses. R.C. 2903.08(D)(2)(b) ("The court shall impose a mandatory prison term . . . on an offender who . . . pleads guilty to a violation of [R.C. 2903.08](A)(2) . . . if . . . [a]t the time of the offense, the offender was driving under suspension . . . ."). Under Crim.R. 11(C)(2)(a), the trial court was required to inform Williams that he was "not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." As Williams acknowledges in his merit brief, this is a nonconstitutional right. Crim.R. 11(C)(2)(a); *see State v. Deniro*, 2017-Ohio-1025, ¶ 9 (9th Dist.).

**{¶9}** A review of the transcript from the change-of-plea hearing indicates the trial court never informed Williams that he faced mandatory prison terms (i.e., that he was not eligible for probation or community control sanctions) for the two counts of vehicular assault as required under Crim.R. 11(C)(2)(a). The State acknowledges this in its merit brief but argues that Williams did

not suffer prejudice because he subjectively understood that he faced mandatory prison terms. But as the Ohio Supreme Court has made clear, "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." (Emphasis in original.) *Dangler*, 2020-Ohio-2765, at ¶ 15, citing *Sarkozy*, 2008-Ohio-509, at ¶ 22.

{¶10} This is not an instance where the trial court imperfectly or partially explained a nonconstitutional right to Williams. *See State v. Tutt*, 2015-Ohio-5145, ¶ 29-34 (8th Dist.) (comparing cases). Nor is this an instance where Williams executed a written plea form indicating he faced mandatory prison terms and the trial court confirmed Williams's understanding of the plea form during the plea colloquy. *See, e.g.*, *State v. Callaghan*, 2021-Ohio-1047, ¶ 10-11 (9th Dist.). Instead, the record before this Court makes no mention of an executed plea form and the trial court completely failed to inform Williams that he faced mandatory prison terms during the plea colloquy. As a result, Williams's plea must be vacated. *Clark*, 2008-Ohio-3748, at ¶ 32 ("If the trial judge completely failed to comply with the rule, . . . the plea must be vacated."); *State v. Simbo*, 2023-Ohio-4404, ¶ 6-14 (9th Dist.) (sustaining the defendant's challenge to his guilty plea because the trial court completely failed to inform the defendant that he faced a mandatory prison term); *State v. Garrett*, 2009-Ohio-2339, ¶ 9-10 (9th Dist.) (same); *see Sarkozy*, 2008-Ohio-509, at ¶ 22, 26. Accordingly, Williams's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES UPON WILLIAMS ABSENT THE FINDINGS REQUIRED BY LAW IN ACCORDANCE WITH R.C. 2929.14[.]

ASSIGNMENT OF ERROR III

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

ASSIGNMENT OF ERROR IV

THE COURT IMPROPERLY ALLOWED IN THE VIDEO WHICH WAS NOT MARKED AS AN EXHIBIT AND THE PROSECUTOR'S OFFICE IMPROPERLY ATTACKED DEFENDANT'S CHARACTER[.]

ASSIGNMENT OF ERROR V

APPELLANT WAS IMPROPERLY SENTENCED WHEN THE TWO CHARGES, THE TWO VEHICULAR ASSAULT CHARGES, SHOULD HAVE BEEN MERGED.

{¶11} In light of this Court's resolution of Williams's first assignment of error, we decline to address his remaining assignments of error on the basis that they are now moot. *See* App.R. 12(A)(1)(c).

III.

{¶12} Williams's first assignment of error is sustained. Williams's remaining assignments of error are moot. The judgment of the Summit County Court of Common Pleas is reversed and remanded with instructions to the trial court to vacate Williams's plea.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.